# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AIDA CRESPO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  22-2059** |
| | : | |
| **WELLS FARGO BANK AND** | : | |
| **COMPANY, WELLS FARGO BANK,** | : | |
| **NATIONAL ASSOCIATION,** | : | |
| **NATHANIEL OLAUREN CRESPO** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                            **June 30, 2022**

The daughter executrix of her deceased father's estate sued a bank ten weeks ago in state court for reissuing a cashier's check to her brother even though her father intended the cashier's check to be used for funeral expenses. The bank paid the check to the daughter's brother and he left town leaving her with the funeral expenses. She sued the bank for, among other state law claims, negligence and violating a federal regulation. The bank removed here a month ago solely based on the claimed violation of a federal statute invoking  our federal question subject matter jurisdiction. The bank then promptly moved to dismiss the case. We granted the bank's motion in part last week finding no cause of action under federal law. We asked counsel to show cause as to why we should retain jurisdiction over the daughter's purely state law claims when the case came here based on an alleged (and now dismissed) federal question. The daughter urges us to remand this case to state court, and the bank urges us to retain jurisdiction. The issue is not remand since we had federal question jurisdiction; the issue is whether we now decline supplemental jurisdiction and dismiss without prejudice to the daughter suing in state court. We find no basis to exercise our discretion to retain jurisdiction over these entirely state law claims.  We dismiss the daughter's case without prejudice to her timely suing the bank in state court.

## I.      Background

Antonio Crespo Lebron died in November 2021 leaving his daughter Aida Crespo and son Nathaniel Crespo.[1] Nathaniel is Aida's brother.[2] Aida is the executrix of her father Antonio's estate.[3] Antonio requested a cashier's check issued from a Wells Fargo Bank branch in Philadelphia for $36,272.44 before he died made payable to "Antonio Crespo or Nathaniel Crespo" to pay for Antonio's funeral expenses.[4] Aida presented the check to a funeral home after Antonio died.[5] Nathaniel later told employees of a Wells Fargo branch in Philadelphia Aida "held hostage" the cashier's check.[6] Wells Fargo reissued the check to Nathaniel.[7] Nathaniel then "skip[ped] town with the check, disappearing without a trace."[8] Aida now owes the funeral home $18,000.[9]

Aida sued her brother and Wells Fargo entities in state court. She sued Nathaniel for conversion and unjust enrichment; Wells Fargo & Co. and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") for negligence, negligence per se for violating 13 Pa. C.S.A. § 3411, negligence per se for violating 13 Pa. C.S.A. § 3420 and conversion of instrument, and negligence per se or for violating 31 C.F.R. § 1010.415.[10] We interpreted the final count—Count Six—as either stating a negligence claim or a standalone claim for violating a federal regulation.[11]

Wells Fargo removed to our Court and moved to dismiss Aida's claims. Wells Fargo invoked our federal question jurisdiction, arguing Aida pleaded Wells Fargo violated a federal regulation.[12] We granted the parties leave to either consent to our remand of the case to the Court of Common Pleas of Philadelphia County or show cause as to why we should not remand the case for lack of subject matter jurisdiction.[13]

Wells Fargo responded by satisfying our federal question jurisdiction—yet still consenting to remand to state court.[14] Wells Fargo satisfied our federal question jurisdiction by showing Aida pleading a violation of a federal regulation creates our federal question jurisdiction even where the federal regulation does not create a private cause of action.[15] Wells Fargo nonetheless asked us to

remand the case because it purportedly discovered a basis for diversity jurisdiction.[16] Wells Fargo argued it discovered Nathaniel Crespo is a citizen of Florida after it removed the case.[17] But Wells Fargo never sought leave to amend its Notice of Removal; rather, it argued we "will" possess diversity jurisdiction after we remand the case because Wells Fargo would remove again and invoke our diversity jurisdiction.[18]

We dismissed Count Six of Aida's Complaint to the extent it stated a claim for violating a federal statute last week.[19] We then ordered the parties show cause why we should not dismiss Aida's remaining claims—all state-law claims—by declining to exercise our supplemental jurisdiction.[20]

## II.    Analysis

We now question whether we should decline to exercise supplemental jurisdiction over Aida's remaining state-law claims. We answer yes. We dismiss Aida's remaining claims without prejudice to her timely re-filing the claims in state court.

We possess federal question jurisdiction because Aida stated a claim, Count Six, for violating a federal statute.[21] So we could assert supplemental jurisdiction over Aida's remaining claims—all state-law claims—because they "form part of the same case or controversy" as the claim giving us original jurisdiction.[22]

But our supplemental jurisdiction is discretionary.[23] We may consider our supplemental jurisdiction *sua sponte*.[24] We "may decline to exercise supplemental jurisdiction" over a claim if one of four factors exists:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[25]

The third factor exists because we dismissed Count Six to the extent Aida stated a federal cause of action. "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."[26]

We identify no reason to exercise supplemental jurisdiction. Judicial economy does not support exercising supplemental jurisdiction. We "had only limited involvement in this case" by resolving a fraction of a motion to dismiss.[27] Our involvement centers around answering jurisdictional questions. Wells Fargo argues judicial economy warrants we keep the case because we possess familiarity with it. But as Judge Wolson observed, every court which dismisses a case by declining to exercise its supplemental jurisdiction possesses "basic familiarity with the case."[28] Our familiarity extends no further than understanding the Complaint and ensuring our subject matter jurisdiction. This involvement is not enough to keep the case. Convenience similarly does not warrant we keep the case. We identify nothing convenient about keeping a case possessing complicated jurisdictional questions. And fairness does not suggest we keep the case. The parties expended limited resources litigating this case at the pleading stage. If anything, fairness suggests dismissal. Aida's original state-court counsel is apparently unable to practice in our Court, which prevented Aida from participating in our jurisdictional briefing until yesterday.[29] At bottom, this case is "a dispute between two [siblings] over the estate of their [father]."[30] A state court is better equipped to handle it than we are.

The tenuousness of our federal question jurisdiction further supports dismissal. Aida's counsel did not appear until yesterday and did not brief whether we possessed federal question jurisdiction. We thus interpreted Count Six as possibly stating a federal claim, creating our federal question jurisdiction. Aida's counsel appeared yesterday and clarified Aida intended to state only a negligence claim, not a claim for violating a federal statute.[31] While it is too late for Aida to disclaim our federal question jurisdiction, Aida's argument highlights the thin thread of our jurisdiction invoked by Wells Fargo in removing her state court case.[32]

Neither party offers a reason we should retain jurisdiction. We gave the parties leave to show cause why we should not ***dismiss*** the case.[33] The parties instead told us why we should not ***remand*** the case. Congress allows us to "decline to exercise supplemental jurisdiction," but does not specify whether our declination should cause dismissal or remand.[34] Our Court of Appeals regularly affirms district courts' dismissals when they decline to exercise their supplemental jurisdiction.[35] The proper disposition is dismissal without prejudice to Aida refiling her claims in state court.[36]

Wells Fargo argues we should exercise supplemental jurisdiction because it predicts Aida will sue again in state court, and Wells Fargo may remove again based on our alleged diversity jurisdiction. We do not have the same crystal ball. Wells Fargo's future jurisdictional maneuvers are of no moment. We do not know how the jurisdictional landscape will appear after dismissing the case. Perhaps this case will return, but speculation does not constitute an "affirmative justification" to exercise supplemental jurisdiction.[37]

Nor do we presently possess a basis to ascertain our diversity jurisdiction. We possess diversity jurisdiction over cases between citizens of different states in which the amount in controversy exceeds $75,000.[38] A party removing based on diversity jurisdiction must invoke

diversity in its notice of removal.[39] Wells Fargo never invoked our diversity jurisdiction at all, let alone in its Notice of Removal. Wells Fargo only argued we "will" have diversity jurisdiction if we remand the case because Wells Fargo would ***then*** assert our diversity jurisdiction in a new notice of removal.[40] But we cannot remand by consent because Wells Fargo proved our federal question jurisdiction.[41] Wells Fargo could have moved to amend its Notice of Removal to state a basis for diversity jurisdiction.[42] But it chose not to. We cannot examine our diversity jurisdiction because no party invokes it.[43]

## III.    Conclusion

We identify no reason to exercise supplemental jurisdiction after having dismissed the only claim giving us original jurisdiction under the Notice of Removal. We dismiss the case without prejudice to Aida refiling it in state court.

---

[1] ECF Doc. No. 1-1 ¶¶ 1, 5.

[2] *Id.* ¶ 17.

[3] *Id.* ¶ 1.

[4] *Id.* ¶ 12.

[5] *Id.* ¶ 16.

[6] *Id.* ¶ 18.

[7] *Id.* ¶ 20.

[8] *Id.*

[9] *Id.* ¶ 22.

[10] *Id.* at 12–28.

[11] ECF Doc. No. 15 at 2–3.

[12] ECF Doc. No. 1.

[13] ECF Doc. No. 13.

[14] ECF Doc. No. 14 at 1.

[15] *Id.* at 2–6 (explaining our federal question jurisdiction); ECF Doc. No. 15 at 6 n.22 (our Order-Memorandum agreeing we possess federal question jurisdiction).

[16] ECF Doc. No. 14 at 6–10.

[17] *Id.*

[18] ECF Doc. No. 6 at 6 ("This Court Will Have Diversity Jurisdiction."); *id.* at 9 ("Thus, if the action is remanded, Wells Fargo may file a second Notice of Removal, to assert diversity jurisdiction.").

[19] ECF Doc. No. 15.

[20] *Id.* at 4–5.

[21] *See* ECF Doc. No. 15 at 6 n.22.

[22] 28 U.S.C. § 1367(a).

[23] *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

[24] *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016).

[25] 28 U.S.C. § 1367(c); *see also Patel*, 666 F. App'x at 136.

[26] *Hedges*, 204 F.3d at 123 (emphasis in original).

[27] *Rogers v. Montgomery Cnty.*, No. 19-4921, 2021 WL 1853530, at *2 (E.D. Pa. May 10, 2021).

[28] *Id.*

[29] *See* ECF Doc. No. 15 at 5 n.13.

[30] *Cole v. Wells Fargo Bank, N.A.*, No. 12-1932, 2018 WL 11356562, at *3 (D.N.J. Jan. 23, 2018).

[31] ECF Doc. No. 19 at 2–3.

[32] *See Cole*, 2018 WL 11356562, at *3 (where original jurisdiction is based on an "afterthought claim, the merest jurisdictional toehold," which "lack[s] any substance," court declined to exercise supplemental jurisdiction over remaining claims).

[33] ECF Doc. No. 15 at 5.

[34] 28 U.S.C. § 1367(c).

[35] *Patel*, 666 F. App'x at 137 (affirming dismissal under § 1367(c)); *Hughes*, 204 F.3d at 124 (same); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999) (district court "acted well within its discretion" by dismissing claims over which it declined to exercise supplemental jurisdiction).

[36] We recognize judges remanded cases after declining to exercise their supplemental jurisdiction. *See, e.g.*, *Burnsworth v. PC Lab'y*, 364 F. App'x 772, 776 (3d Cir. 2010) (affirming remand); *Thornton v. City of Pittsburgh*, 777 F. Supp. 2d 946, 955 (W.D. Pa. 2011) (remanding case after declining to exercise supplemental jurisdiction). But this disposition appears to conflict with Congress's language in section 1367. Section 1367 contains a subsection (d), which tolls the statute of limitations for claims "dismiss[ed]" under the supplemental jurisdiction statute. *See* 28 U.S.C. § 1367(d). Congress in section 1367 does not speak to remand. Congress permits remand if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Congress in the supplemental jurisdiction statute does not vitiate our subject matter jurisdiction—it simply allows us not to exercise it. In any event, Congress permits dismissal.

[37] *Patel*, 666 F. App'x at 136.

[38] *See* 28 U.S.C. § 1332(a).

[39] *See* 28 U.S.C. § 1446(a) (requiring the notice of removal to contain "a short and plain statement of the grounds for removal").

[40] ECF Doc. No. 6 at 6 ("This Court Will Have Diversity Jurisdiction."); *id.* at 9 ("Thus, if the action is remanded, Wells Fargo may file a second Notice of Removal, to assert diversity jurisdiction.").

[41] *See, e.g.*, *Dillard v. TD Bank, NA*, No. 20-7886, 2020 WL 4339347, at *2 (D.N.J. July 28, 2020) ("[E]fforts by parties to return to state court are also ineffectual when subject matter jurisdiction has been established in this Court."), *remanded on reconsideration*, No. 20-7886, 2021 WL 1085461 (D.N.J. Mar. 22, 2021); *McNally v. Waterford Twp.*, No. 19-17923, 2019 WL 6117728, at *2 (D.N.J. Nov. 18, 2019) (parties may not consent to remand when the court possesses subject matter jurisdiction).

[42] 28 U.S.C. § 1653 (permitting amendment of notices of removal); *Kiser v. Gen. Elec. Corp.*, 831 F.2d 423, 427 (3d Cir. 1987) (we interpret the amendment statute "broadly so as to avoid dismissal of diversity suits on technical grounds").

[43] *See, e.g.*, *Meltzer v. Cont'l Ins. Co.*, 163 F. Supp. 2d 523, 526 (E.D. Pa. 2001) (mere references to citizenship in the record "do not constitute a sufficient allegation of citizenship" to ascertain diversity jurisdiction; party asserting diversity jurisdiction "might have cured the defects by filing an amended Notice of Removal," but never did so, warranting remand).